UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AHMED SALIM,

               Petitioner,

      -v-                                                  13-CV-6659-JTC

TODD L. TRYON,

               Respondent.

---

      Petitioner Ahmed Salim, who is currently detained at the Buffalo Federal Detention Facility in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement (collectively, "DHS") pending a determination of removability, filed a petition in this court on December 17, 2013, seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 on the ground that his detention without an individualized bond hearing violates his due process rights.  Item 1.  The petition was filed with the Clerk's Office in Rochester, New York, and was assigned to the docket of Hon. Frank P. Geraci, Jr.

      On December 23, 2013, Hon. William M. Skretny, Chief Judge, signed an order reassigning the matter to the docket of the undersigned, and setting a schedule for answer and reply in accordance with the court's established practice, giving the respondent 45 days to answer the petition and petitioner 25 days to respond to the answer.  Item 3.  The docket entry accompanying the order notes that it was received for docketing by the Clerk's Office on December 27, 2013.  Meanwhile, on December 24, 2013, petitioner's counsel filed an "Emergency Motion to Expedite Hearing and Decision" claiming, *inter alia*, that petitioner's detention is causing irreparable harm to his family business.  Item 2.

Petitioner's motion for expedited relief is denied. The federal habeas corpus statute provides that "the writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." 28 U.S.C. § 2243. However, this court adheres to "the jurisprudence holding that [28 U.S.C. § 2243's] time limit is subordinate to the district court's discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases." *Baker v. Middlebrooks*, 2008 WL 938725, at *1 (N.D.Fla. Apr. 8, 2008) (collecting cases)); *see also Bey v. Parent*, 2005 WL 3046977, at *1 (S.D.N.Y. Nov. 7, 2005) (28 U.S.C. 2243's three day period to file a return does not apply to briefing schedules). Consistent with Rule 4, it has been this court's practice to exercise the discretion conferred by that Rule and allow respondents forty five days in which to respond to petitions for habeas corpus filed under section 2241 and 2254. *See also* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a) [*i.e.*, petitions under § 2241.").

Accordingly, the schedule previously entered in the case shall apply. In addition to the directions of the Chief Judge's order to address each of the issues raised in the petition, and to the extent possible, respondent's answer and memorandum of law should address the allegations of irreparable harm raised in the motion for expedited relief.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   January 22, 2014
p:\pending\2013\13-6659.2241.jan16.2014