UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AHMED SALIM, A55-975917,

        Petitioner,

        -v-                                    13-CV-6659-JTC

TODD L. TRYON

        Respondent.

---

## INTRODUCTION

Petitioner Ahmed Salim, an alien in the custody of the Department of Homeland Security ("DHS"), has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking release from detention and/or an individualized bond hearing. Item 1. As directed by this court's order entered December 23, 2013 (Item 3), respondent has submitted an answer and return (Item 6), along with an accompanying memorandum of law (Item 7), in opposition to the petition.

For the reasons that follow, the petition is denied.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a native of Palestine and citizen of Jordan, was admitted to the United States at Chicago, Illinois, on or about December 9, 2004, as a lawful permanent resident. *See* Item 6-1 ("Payan Decl."), ¶ 5; Item 6-2 ("Exh. A"), p. 3. According to DHS records, in July 2011, petitioner was convicted in Shelby County Court, Memphis, Tennessee, of possession of a controlled substance and was fined $750. Payan Decl., ¶ 6, Exh. A, p. 5.

On November 14, 2013, petitioner applied for admission to the United States at the Peace Bridge Port of Entry, Buffalo, New York. He was placed in removal proceedings and was served with a Notice to Appear ("NTA") which charged him with being inadmissible as an alien who has been convicted of a controlled substance offense. Exh. A, pp. 7-9. He was taken into DHS administrative detention as an arriving alien. Payan Decl. ¶ 7; Exh. A, pp 10-12.

On November 25, 2013, an immigration judge ("IG") denied petitioner's request for a change in custody status. Payan Decl., ¶ 8, Exh. A, pp. 1-2. On December 9, 2013, the Buffalo Field Office Director for DHS denied petitioner's request for parole. Payan Decl. ¶ 10; Exh. A, pp 3-4. Petitioner's removal proceedings remain pending before the Immigration Court. Payan Decl., ¶ 11.

## DISCUSSION

Petitioner challenges his continued detention by way of habeas corpus review under 28 U.S.C. § 2241, which "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3). Specifically, petitioner argues that he is being wrongfully detained under 8 U.S.C. § 1226(c) without an individualized bond hearing because he was not taken into DHS custody upon his release from custody on his underlying offense, but rather several years later when he attempted to re-enter the United States.

A lawful permanent resident, like petitioner, who re-enters the United States is an applicant seeking admission to the United States. *See* 8 U.S.C. § 1225(a)(1). Such an

applicant, who has been convicted of a crime involving a controlled substance and does not qualify for any of the statutory exceptions, is inadmissible. *See* 8 U.S.C. §§ 1101(a)(13)(C)(v), 1182(a)(2). As petitioner is an arriving alien placed in removal proceedings, his detention is governed by 8 U.S.C. § 1225(b)(2)(A), not by section 1226 as he has argued. Section 1225(b)(2)(A) provides that detention is mandatory pending removal proceedings "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted . . .." 8 U.S.C. § 1225(b)(2)(A). In this case, petitioner admits that he was convicted of a crime involving a controlled substance, although he was not incarcerated for the offense. The examining officer at the Peace Bridge was unable to determine that petitioner was admissible. Petitioner was thus served with a Notice to Appear and was mandatorily detained.

An alien detained under section 1225(b)(2)(A) may be released from custody only in accordance with 8 U.S.C. § 1182(d)(5)(A). That section provides that the Attorney General may parole such individuals in his discretion. This discretionary authority is exercised by the Secretary of DHS, who has delegated the discretionary authority to the Field Office Directors. *See* 8 C.F.R. § 2112.5(a). Moreover, federal courts lack jurisdiction to review discretionary decisions concerning parole under section 1182(d)(5). *See Viknesrajah v. Koson,* 2011 WL 147901, *2 (W.D.N.Y. Jan. 18, 2011); 8 U.S.C. § 1252(a)(2)(B)(ii). In this case, in a letter dated December 9, 2013, Field Office Director Michael T. Phillips denied a request for petitioner's release on parole. *See* Payan Decl., ¶ 10; Exh. A, pp. 3-4.[1]

---

[1] Although petitioner states that the IJ denied his motion for a bond determination, there is no provision for a bond hearing before an IJ.

As an arriving alien, petitioner does not have the same rights as an admitted alien. *See Zadvydas v. Davis,* 533 U.S. 678, 693 (2001) ("certain constitutional protections available to persons inside the United States are unavailable to aliens outside of our geographic borders"); *Landon v. Plasencia,* 459 U.S. 21, 32 (1982) ("an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative"). The Due Process Clause provides an inadmissible alien no procedural protection beyond the procedure explicitly authorized by Congress, nor any right to be free from detention pending removal proceedings. *See Mejia v. Ashcroft,* 360 F.Supp.2d 647 (D.N.J. 2005) (mandatory detention of former lawful permanent resident without a bond hearing does not violate alien's due process rights). Despite his prior status as a lawful permanent resident, petitioner's mandatory detention pending removal proceedings is lawful under the applicable statute and he has been provided all the due process to which he is entitled.

### CONCLUSION

For the foregoing reasons, the petition is denied, and the case is dismissed.

The Clerk of the Court is directed to enter judgment in favor of respondent, and to close the case.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   April 23, 2014